UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Michael Rogers & Nikita Wright,

                    Plaintiffs

        v.

Las Vegas Metropolitan Police Department, *et al.*,

                    Defendants

Case No. 2:22-cv-00867-CDS-DJA

**Order Granting Plaintiffs' Motion for Leave to Amend Complaint, Denying as Moot Defendants' Motion to Dismiss**

[ECF Nos. 15, 25]

Plaintiffs Michael Rogers and Nikita Wright bring this motion for leave to amend their complaint to add defendants to this civil rights lawsuit. They allege that they were unlawfully targeted by Las Vegas Metropolitan Police Department officers and arrested for listening to a song critical of police. They now seek to amend their complaint, which they previously amended once already, to name additional defendants and to add five new causes of action. ECF No. 25 at 2. The defendants oppose all of the proposed amendments. ECF No. 29. Because I find that the plaintiffs have met their burden in demonstrating that two of the five claims and the claims against the four new defendants relate back, I grant them leave to amend in part.

**I.    Discussion**

The plaintiffs allege that on May 31, 2020, they were driving home when they were stuck in traffic caused by road closures during the Black Lives Matter protests. First Am. Compl., ECF No. 8 at 9–10. Rogers "decided to play a song that could be perceived as critical of police . . . at a volume that could be heard outside of [his] vehicle by the officers in the vicinity." *Id.* at 10. A group of police officers then arrested him and Wright. *Id.* The plaintiffs now seek to add five claims to their complaint: one count for violation of the Nevada Constitution, one count for battery, one count for intentional infliction of emotional distress, one count for negligent infliction of emotional distress, and one count for malicious prosecution. ECF No. 25 at 2. They

also seek to add five LVMPD officer defendants that were previously unnamed. *Id.* The defendants oppose the addition of the state-law claims on the basis that the claims are futile, as they are barred by the statute of limitations and/or Nevada's claim-notice statute. ECF No. 29 at 4–7. They oppose the addition of the officer defendants on the same bases, in addition to arguing that the plaintiffs seek the amendment in bad faith, after undue delay, and unfairly prejudice the officers. *Id.* at 7–17.

The Federal Rules of Civil Procedure state, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The factors that a court considers in ruling on a motion for leave to amend are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). An amended pleading is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Doe v. Nevada*, 356 F. Supp. 2d 1123, 1125 (D. Nev. 2004) (internal quotation marks and citation omitted). Because I find that the plaintiffs have met their burden in demonstrating that they should be given leave to amend certain claims and the new defendants, I grant the plaintiffs' motion in part.

   a.   *The plaintiffs are granted leave to add two of the five state-law claims.*

The defendants argue that the plaintiffs' proposed state-law claims are futile because they are either barred by the statute of limitations or by Nevada's claim-notice statute. ECF No. 29 at 4–7. As both parties agree, the applicable statute of limitations for the new claims is two years. NRS 11.190(4)(e). And the events on which the claims are based occurred on May 31, 2020—two years and just under ten months before the plaintiffs sought leave to amend. ECF No. 25 at 4 (submitted March 24, 2023). So, to comport with the statute of limitations, the plaintiffs must demonstrate that their claims relate back to the original filing. *See* Fed. R. Civ. P. 15(c). An amendment relates back when it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id.* And

claims "arise out of the same conduct, transaction, or occurrence if they 'share a common core of operative facts,' such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (quoting *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325–26 (9th Cir. 1989)).

But as the defendants point out, the "emotional distress and malicious prosecution claims require . . . different elements of proof, resulting in a different source of damages." ECF No. 29 at 5. And "where an amendment states a new cause of action that describes a new and entirely different source of damages, the amendment does not relate back, as the opposing party has not been put on notice concerning the facts in issue." *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1146 (Nev. 1983). Neither of the plaintiffs' original or first-amended complaints put the defendants on notice of NIED, IIED, or malicious prosecution claims. The plaintiffs argue that the defendants misinterpret *Nelson* by failing to consider the statement that "if the original pleadings give fair notice of the fact situation from which the new claim for liability arises, the amendment should relate back for limitations purposes." ECF No. 37 at 8 (quoting *Nelson*, 665 P.2d at 1146). But that sentence comes directly before the previous *Nelson* quote. 665 P.2d at 1146. The defendants did not misinterpret *Nelson* at all, and the plaintiffs seek leave to add new claims that require different sources of proof from the claims asserted in the first-amended complaint. The plaintiffs argue that they "pleaded adequate facts" in their first two complaints to "indicate that the newly raised claims" in the SAC existed, but do not identify where or how they did so. ECF No. 37 at 8. I thus deny in part the plaintiffs' motion for leave to amend and permit them to add only the claims brought under the Nevada constitution and for state-law battery.

*b.   The plaintiffs are granted leave to add the four officer defendants.*

The defendants also oppose amendment to add four new officer defendants. ECF No. 29 at 7–10. They argue that the plaintiffs move in bad faith, after undue delay, with prejudice to the defendants, and that amendment would be futile because the plaintiffs' claims with respect to the new defendants do not relate back. *Id.* Nevada law permits a party to relate back claims

against newly named defendants when it exercises reasonable diligence in ascertaining the identity of a defendant. *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 243 (Nev. 2011). Reasonable diligence factors include whether (1) "the party unreasonably delayed amending the pleadings to reflect the true identity of a defendant once it became known," (2) "whether the plaintiff utilized judicial mechanisms such as discovery to inquire into a defendant's true identity," and (3) "whether a defendant concealed its identity or otherwise obstructed the plaintiff's investigation as to its identity." *Id.* (cleaned up).

The plaintiffs do not allege that the defendants attempted to obstruct any inquiry into their identities, but the other factors weigh in their favor. Their delay in moving for leave to amend was reasonable, as they allege that only a couple of months passed between the defendants' discovery productions and the filing of their motion. ECF No. 37 at 10 (stating that Metro produced additional video and written materials on January 17, 2023, and that they filed their motion on March 24, 2023). And the plaintiffs clearly utilized discovery to identify the parties they now seek to add. *Id.* at 15. The plaintiffs thus satisfy Nevada's requirements for relation back of claims against the new defendants.

In addition, I find no bad faith or undue delay on the plaintiffs' part, and no prejudice to the defendants beyond the immaterial prejudice of having to defend themselves from the claims in suit. The plaintiffs' claims have not been extensively litigated—not one motion to dismiss or motion for summary judgment has yet been adjudicated—nor have the plaintiffs' claims shifted in substance from the original or first-amended complaints. The case is still in discovery, and the plaintiffs seem to have utilized discovery mechanisms to uncover the identity of the new defendants. And the theories of liability (civil-rights violations) are essentially the same as before. So the balance of factors weighs in favor of granting the plaintiffs leave to amend to add new defendants.

1    *c.   The defendants' motion to dismiss the FAC is denied as moot.*

2         Because I grant the plaintiffs leave to amend their complaint, the defendants' motion to

3    dismiss the plaintiffs' first-amended complaint is moot. "[T]he amended complaint supersedes

4    the original, the latter being treated thereafter as non-existent." *Lacey v. Maricopa County*, 693 F.3d

5    896, 925 (9th Cir. 2012) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). I thus

6    deny the defendants' motion to dismiss the first-amended complaint.

7    **II.   Conclusion**

8         For the foregoing reasons, IT IS THEREFORE ORDERED that the plaintiffs' motion for

9    leave to amend the complaint **[ECF No. 25] is GRANTED in part and DENIED in part. The**

10   **plaintiffs may not add claims for intentional or negligent infliction of emotional distress or**

11   **for malicious prosecution. They may add claims for state-law battery and a violation of the**

12   **Nevada Constitution. They may also name the four new defendants.**

13        IT IS FURTHER ORDERED that the defendants' motion to dismiss the plaintiffs' First

14   Amended Complaint **[ECF No. 15] is DENIED.**

15        DATED: August 1, 2023

16   _____

17   Cristina D. Silva
     United States District Judge

5