**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Michael Rogers, et al., | Case No. 2:22-cv-00867-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Las Vegas Metropolitan Police, et al., | |
| Defendants. | |

Before this Court is Plaintiffs' Motion to Amend. ECF No. 106.[1] Defendants opposed at ECF No. 109, and Plaintiffs replied, and supplemented their reply, at ECF Nos. 114 and 116. Because Plaintiffs have shown good cause and excusable neglect to amend, and because Defendants failed to show that amendment should be denied, this Court grants Plaintiffs' motion. The parties are familiar with the arguments. As a result, this Court only incorporates them only as relevant to this order.

**I.  BACKGROUND**

    **A.  Relevant Facts**

This case stems from the events that took place during a "Blacks Lives Matter" protest in May 2020. In turn, Plaintiffs' Fourth Amendment Complaint asserts several causes of action based on violations of the federal and Nevada state constitutions and a cause of action for battery. In their proposed Fifth Amended Complaint, Plaintiffs seek to (1) add Officer Kelly as a Defendant to existing causes of action, (2) add malicious prosecutions claims against Officer Rodriguez, (3) strengthen their existing claims based on information learned between February and July of 2025, and (4) remove Defendant Kilber.

**II.  DISCUSSION**

---

[1] While Plaintiffs' motion also requests an extension of certain deadlines, this Court has already granted such request on November 12, 2025. ECF No. 121. As a result, that portion of the motion is denied as moot.

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the request through a two-step process. First, courts resolve the motion to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. at 609. Courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id*. The party seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa County Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "District courts within the Ninth Circuit generally find discovery of new evidence sufficient to satisfy the 'good cause' standard." *Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc.*, No. 3:21-CV-00228-JMK, 2024 WL 473615, at *6 (D. Alaska Feb. 7, 2024) (collecting cases).

In addition to showing good cause, plaintiffs must also establish that their failure to act was the result of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764–65 (9th Cir. 2017); *see also* Local Rule 26-3. Courts consider at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

If the movant has established good cause and excusable neglect, courts will then examine whether amendment is proper under Rule 15. Fed. R. Civ. P. 15(a). The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v.*

*Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "The standard for granting leave to amend is generous." *Id.* "The party opposing the amendment bears the burden of showing why leave should be denied, including the burden of establishing prejudice." *Underwood v. O'Reilly Auto Enterprises, LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (internal citations omitted).

**A. Plaintiffs have shown good cause under Rule 16.**

In February 2025 Plaintiffs obtained information from the *Lykins v. METRO et al.* case, 22-cv-1068-APG-BNW, regarding what they allege amounts to the widespread use of template arrest reports in BLM, including the arrest in question. That same month Plaintiffs propounded discovery involving Officer Rodriguez's specific role in the case to determine, among other things, whether he was actually present at the scene (and if so, his role) in order to determine his basis of knowledge when preparing the arrest report. ECF 106-8. The responses were served on March 14, 2025, but did not clarify that Officer Rodriguez was not present at the scene nor included the IAB report (discussed below). ECF No. 106-10.

Plaintiffs deposed Officer Rodriguez in June 2025. At that time, they learned that the theory of arrest would differ from that stated in the arrest report (failure to disperse and breach of the peace). Instead, the theory supporting the arrest would be a traffic violation.

Plaintiffs deposed Officer Kelly on July 1, 2025, and confirmed he was the one who placed zip ties on Mr. Rogers.

While deposing Officer Raj, on July 2, 2025, Plaintiff learned that an IAB report had been prepared in relation to this case. That report (prepared in July 2020) was produced on July 9, 2025. The IAB reports contains information regarding, among other things, the procedures in place at the time of this incident regarding the preparation of arrest reports, how these procedures have since changed, whether the cited reasons for the arrest were accurate and what other bases may exist for the arrest at issue in this case. ECF No. 106-23. Of note, responses to Plaintiffs' discovery requests (propounded on December 2022) should have included this IAB report. See ECF 106-5, RFPs Nos. 4, 28-30.

While it is true that Plaintiffs have known about the *Lykins* case since February of 2025, the facts above support a finding that Plaintiffs have been diligent since then in obtaining

additional information in order to amend their complaint. Most importantly, they did not learn about or review the IAB report until July 2025 (despite the fact that the report was prepared in July 2020 and propounded in discovery in December 2022). After meeting and conferring during the month of July, Plaintiffs filed the instant motion on August 27, 2025.

### B. Plaintiff has shown excusable neglect under Local Rule 26-3.

After careful consideration of all relevant factors, (including prejudice, length of delay, reason for delay, and good faith), this Court concludes that Plaintiffs' requested amendment is supported by excusable neglect. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

This Court begins with the prejudice analysis. Defendants argue that Officers Rodriguez and Kelly would be prejudiced by the amendment because they would be denied their statute of limitations defenses. Citing to *Craig v. United States*, 413 F.2d 854 (9th Cir. 1969)[2], Defendants argue that Plaintiffs can only show an absence of prejudice if they can demonstrate that these two officers were on notice of the claims against them. They further argue no such notice exists.

But as Plaintiffs point out, a subsequent Ninth Circuit case, *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400-01 (9th Cir. 1984) explains that notice can be imputed from one party to another if there is a "community of interest" between the parties. And notice certainly can be imputed here: both officers were employed by METRO on the day in question and were working (in different capacities) in response to the BLM protest in general and this arrest in particular. *Solomon v. Las Vegas Metro. Police Dep't*, No. 2:22-CV-00847-JCM-DJA, 2024 WL 4063485 (D. Nev. Feb. 16, 2024) (finding no prejudice and allowing amendment in case factually similar to this one).[3]

Lastly, Defendants do not suggest that Officers Rodriguez and Kelly will be unable to defend the case based on the passage of time, or that there is unfair surprise, which is typically the main focus of a prejudice analysis. *Korn*, 724 F.2d at 1400 ("timely notice…is *one way* of

---

[2] Defendants cite to several other district court cases outside of the Ninth Circuit as well.

[3] Moreover, this is a factor that will need to be analyzed in great detail to determine whether the malicious prosecution claims relate back. As discussed below, it is more proper for the district court to make these kinds of determinations when analyzing dispositive motions than for this Court to do so as part of an order in a motion to amend.

assuring that the party to be added *has received ample opportunity to pursue and preserve the facts relevant to various avenues of defense.*"); *see also Robertson v. Bruckert*, 568 F. Supp. 3d 1044 (N.D. Cal. 2021) (noting an absence of prejudice given there was no unfair surprise and discovery was on-going).

Turning to the length of delay, and the reasons for it, there is no question that this case has been going on for a very long time. But discovery is on-going and there is no impact on any proceeding (dispositive motions have not been filed, no trial date has been set). And, as discussed above, the delay is due in very large part to the timing of the disclosure of the IAB report.

Lastly, Defendants' arguments regarding bad faith are not persuasive. Again, the IAB report was not produced until July 2025. Irrespective of when these two officers were included as witnesses in Defendants' supplemental disclosures, or what discovery was produced relating to them, the key information on which the proposed amendment relies is based on the IAB report.

### C. Defendants have not met their burden to establish that amendment is improper under Rule 15.

Under Rule 15, the defendant bears the burden of establishing bad faith, undue delay, prejudice to the opposing party, futility of amendment, or previous chances to amend and cure deficiencies. This Court incorporates its discussions on bad faith, undue delay, and prejudice from the section above. That leaves only two factors for analysis: previous amendments and futility.

As to prior amendments, it is clear this is the fifth time Plaintiffs seeks to amend. But most of the information alleged in the proposed amendment complaint is borne out of the depositions of Officers Raj, Rodriguez, and Kelly (all taking place in June and July of 2025) and the IAB report (received in July 2025). Thus, Plaintiffs have not been given any prior chances to include these allegations in a complaint.

Finally, "[d]enial of leave to amend on [futility grounds] is rare." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss

or a motion for summary judgment." *Id.* (internal citations omitted). Thus, amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019). Whether the claims for malicious prosecution are futile is better suited for a motion to dismiss or motion for summary judgment. Especially given the detailed analysis that must be conducted to determine whether the amendment relates back. Therefore, this Court finds amendment is proper in accordance with the liberal amendment policy under Rule 15. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("Thus [r]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)) (internal quotations omitted).

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (ECF No. 106) is **GRANTED**.

**IT IS FURTHER ORDRED** that the Clerk of Court shall detach the proposed amended complaint, at ECF No. 106-32, and file it on the docket.

**IT IS FURTHER ORDRED** that the hearing schedule for November 12, 2025, is **VACATED.**

DATED: November 17, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE